TotteN, J.,
delivered the opinion of the court.
This action is debt; the defense is set-off, which being denied in the court below, the defendant appealed in error.
The matter of set-off is imperfectly stated in the record; but it seems that, by order of the county court of Marion, Alley was permitted to open a road *58 over Nice’s farm. A jury was appointed by said court to assess tbe damages done, and tbey assessed it by consent of parties, at $300, and made report thereof to tbe county court at October Term, when it was ordered that the same be affirmed. The report states that Alley “ agrees ” to pay Nice $300, and the same being due more than six years before the institution of this suit, the circuit judge held it barred by limitation of time.
It is now argued for defendant Nice, that no statute of limitation will apply, because it is a liability founded upon a record. -
That is true as a matter of fact but not as a matter of law. For the county court had no jurisdiction to make such an order upon its record. If a public road were intended in that case, the private indemnity was due from the public, and the county court as a court of police, had power to order it to be paid bj the county; 1804, ch. 1, § 19; but no power, even by consent, to make a valid order that it be paid by a private person; for consent in general, cannot confer jurisdiction. If a private way were intended, in that case we have held, that the right can only exist by prescription or convention between the parties, and not by judicial compulsion, under the act of 1811, C. 60, and this act was considered repugnant to the constitution, as being in violation of private right. White vs. Settle, at Nashville, 1852. In any view of the case it must be true that the county court had no jurisdiction to order that Alley pay Nice the indemnity in question; and its order to that effect, must be considered as merely void.
*59 It is in general true, that demands founded upon any “ specialty,” as a statute, record, or bond, are not affected by tbe statutes of limitation. 21 Jas., 1 C. 16; Ang. Lim., C. 10. But bere, tbe record relied upon is invalid in itself, for want of any power in tbe court to make it, and cannot be considered as tbe foundation of a right. Tbe right to indemnity was agreed upon by tbe parties, but as there was no valid specialty to secure its payment, it must be considered as founded merely in simple contract, and is -barred by tbe statute.
Let tbe judgment be affirmed.